IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS RULLAN, et al. | * | |
| | * | Civil Action No. CCB-21-3170 |
| v. | * | |
| | * | |
| | * | |
| JILL GODEN | * | |

******

**<u>MEMORANDUM AND ORDER</u>**

The motion for reassignment of bankruptcy appeals filed by appellant Luis (Janer) Rullan (ECF 21) has been reviewed. For the reasons stated below, it will be denied.

Rullan first argues, essentially, that he is dissatisfied with the court's prior rulings in two cases he admits are closely related to the issues presented in the bankruptcy appeals: *Rullan v. Goden, et al.*, CCB-12-2412, and *Rullan v. Goden, et al*., CCB-17-3741. But disagreement with a court's prior rulings is not a reason for transfer, or a reason to burden another judge of this court with learning the record in these complex cases. Indeed, Local Rule 103.1 expresses a clear direction for counsel to advise the court if an action arises from the same transactions, involves the identical parties, or for any other reason would entail substantial duplication of labor if heard by different judges. Local Rule 103.1(b) (D. Md. 2021). The fact that counsel did not do so when the bankruptcy appeal was filed does not preclude the court from noting the existence of what are in fact related cases.

Regarding the 2012 and 2017 cases, Rullan also complains that his motion for preliminary injunction was "constructively denied" on remand from the Fourth Circuit because it has not yet been ruled on. He neglects to mention that this court met with counsel in chambers in June 2019 and was advised that counsel were attempting to obtain and provide documentation that might assist in reaching a resolution of the two pending cases. (ECF 101 in 17-3741; ECF 294 in 12-2412). Status reports were requested and received on August 23 and October 25, 2019 (ECFs 295,

297, 298 in 12-2412). Rullan's October 2019 status report, filed after the Fourth Circuit's remand order in the 2017 case, stated in part that "Rullan may file one or more motions in light of the Fourth Circuit's recent ruling and is assessing various options." (ECF 297 in 12-2412). The court then requested a further status report be filed by December 6, 2019. (ECF 299 in 12-2412). No report was filed.

This court heard nothing further from counsel in either case until Rullan filed a motion to vacate protective order on March 1, 2021. (ECF 300 in 12-2412). That motion was fully briefed on March 23, 2021; a ruling was entered on April 9, 2021. (ECF 303 in 12-2412). Rullan never requested any further action on his preliminary injunction motion or any other aspect of either case from this court.

Rullan cites to the factors in *G.G. ex rel. Gloucester Cty. Sch. Bd.*, 822 F3d 709, 726 (4th Cir. 2016) applied by the Fourth Circuit in deciding whether to order a case reassigned to a different district judge when a case is remanded following appeal. Assuming without deciding that these factors are relevant to his current request, Rullan has not shown that either of the first two prongs warrant reassignment; again, disagreement with a court's prior rulings does not suffice. He will of course be free to appeal to the Fourth Circuit if he disagrees with any future rulings the court may make. And the third prong, whether reassignment would entail waste and duplication, strongly favors denial of his request.

Rullan also argues that it would be more convenient for his counsel to attend oral argument in Greenbelt rather than in Baltimore. If that extra distance is not convenient for counsel, the court will be happy to accommodate him, as well as other participants, by holding a remote hearing over Zoom.

Accordingly, it is hereby Ordered that:

1. The motion for reassignment (ECF 21) is Denied;

2. Counsel and Jill Goden will be contacted to set a date for oral argument; and

3. The Clerk shall send a copy of this Memorandum and Order to counsel of record and to Ms. Goden.


| __3/3/2022__ | __/s/__ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |